MOORE *VS* CLEMENTS.

MOORE VS CLEMENTS.

*As to damages upon bills of exchange.*
*As to demand of payment of a bill of exchange.*

1. The act of the twenty-first of December, eighteen hundred and thirty-two, reducing the damages on bills of exchange,— applies only to bills of which the Bank of the State of Alabama, or one of the Branches, is the owner; and not to bills owned by private persons.
2. The *protest* upon a bill of exchange, is evidence of the facts of a demand, &c., unless these facts be put in issue by other testimony.

In error to the Circuit Court of Bibb.

This action was assumpsit upon a bill of exchange, by Clements, the endorsee, against Moore, the drawee. The bill was protested for non-payment; and the defendant plead, non-assumpsit ; payment; and accord and satisfaction ; and a verdict and a judgment were had for the plaintiff.

On the trial below, the defendant requested the Court to charge the jury—

*First*—That the damages, in the event of the plaintiff's recovery, could only be assessed at five per centum. This the Court refused : and charged the jury—that the damages should be assessed at ten per centum.

*Second*—That a demand of the Cashier of the Bank, at the counter of the Bank, was not a sufficient demand : and if so, it was necessary to prove

that the demand was made during banking hours. This charge was also refused.

All which was excepted to.

*Stewart and Thornton*, for plaintiff in error.
*Ellis and Peck*, contra.

PER CURIAM.—The defendant in error brought his action against the plaintiff in error, (in the Circuit Court of Bibb,) on a bill of exchange of which he was drawer, payable at the Bank of the State of Alabama, to David R. Boyd, which, bill having passed through several hands, became the property of the defendant, by a regular chain of endorsements. On the trial, the judge was requested to charge the jury, that on a protest for non-payment, the defendant in error was only entitled to recover five per cent. damages, which was refused ; the Court instructing the jury, that ten per cent. damages were recoverable.

The Court were also requested to instruct the jury, that a demand of the Cashier of the Bank at the counter of the Bank, was not a sufficient demand, and if so, it was necessary to prove the demand was made during banking hours; which instructions were also refused by the Court.

In regard to the damages recoverable on such a bill, after a protest for non-payment, it is clear that the instruction of the Court was correct, and that the first section of the act of the twenty-first of December, eighteen hundred and thirty-two, " to reduce the damages on bills of exchange, purchased by the Bank of the State of Alabama, or either of

MOORE *vs* CLEMENTS..

its branches," relates only to bills of which the bank, or one of its branches, is the proprietor.[*]   *Aik: Dig: 328—'9

It appears that the protest for non-payment was before the jury, which by statute, is made evidence of the facts of presentment, non-acceptance, non-payment, &c.,[†] and dispenses with the introduction †Ib. 327. of further proof, as to these points, by the defendant in error. The latter instructions asked, then, unless it appeared, that there was evidence opposing the facts and inferences deducible from the protest, were immaterial, and might well have been refused.

Judgment affirmed.